IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT C. MARTIN, | : | |
| Petitioner, | : | 1:15-cv-2242 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| SUPERINTENDENT CYNTHIA LINK, PA STATE ATTORNEY GENERAL, | : | |
| Respondents. | : | |

# **MEMORANDUM**

**August 9, 2017**

On November 23, 2015, Petitioner Robert C. Martin ("Martin") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Court of Common Pleas of Potter County, Pennsylvania convictions for various drug and weapons offenses. (Doc. 1; Doc. 10-2, p. 49). The petition is ripe for disposition and, for the reasons set forth below, will be dismissed as untimely.

## **I.     State Court Procedural Background**

The following background is taken from a Pennsylvania Superior Court opinion dated June 30, 2015, which dismissed Martin's second petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely:

> Appellant entered open guilty pleas to a number of charges under the above-captioned trial court docket numbers [CP-53-CR-0000237-2010 and CP-53-CR-0000238-2010]. The trial court sentenced Appellant, and he appealed. This Court affirmed the judgment of sentence on March 20, 2013. *Commonwealth v. Martin*, 69 A.3d 1298

(Pa. Super. 2013)( unpublished memorandum). Appellant did not seek allowance of appeal with our Supreme Court.

On October 21, 2013, Appellant filed his first PCRA petition. The PCRA court denied the petition, and this Court affirmed the court's order on September 17, 2014. *Commonwealth v. Martin*, 107 A.3d 230 (Pa. Super. 2014) (unpublished memorandum). Appellant did not seek allowance of appeal with our Supreme Court.

On September 24, 2014, Appellant *pro se* filed another PCRA petition. On October 2, 2014, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 that it intended to dismiss the petition without holding an evidentiary hearing because Appellant untimely filed his petition. After Appellant responded to the court's Rule 907 notice, the court formally dismissed the petition as untimely on October 24, 2014.

Appellant with the aid of counsel, timely filed a notice of appeal.

(Doc. 10-3, pp. 40-41). On June 30, 2015, the Superior Court affirmed the PCRA court's dismissal of the petition as untimely. (*Id.* at 43-44). The Supreme Court of Pennsylvania affirmed the dismissal on November 3, 2015. (Doc. 1, p. 16).

On November 23, 2015, Martin filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**II. Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective

2

Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Martin was sentenced on August 30, 2011. (Doc. 10-2, p. 49). His direct appeal proceedings concluded on March 20, 2013, when the Superior Court affirmed the judgment of sentences. (*Id.* at 50). His conviction became final thirty days later, when his time to file an appeal with the Supreme Court expired. The one-year statute of limitations period commenced running as of that date and

3

expired one year later.  Hence, the present petition, filed on November 23, 2015, is patently untimely.

The Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

**A. Statutory Tolling**

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought.  *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000).

Martin successfully tolled the statute of limitations on October 23, 2013, when he timely pursued post conviction relief.  (Doc. 10-2, p. 50).  At that point, approximately 186 days of the one year limitations period had elapsed.  The statute remained tolled until the conclusion of his PCRA proceedings on September 17, 2014.  He was required to file his petition in federal court within 179 days of the conclusion of the PCRA proceedings.  He failed to accomplish this in that he did not file his petition in federal court until November 23, 2015, approximately 433 days after his initial PCRA proceedings concluded.  Although, Martin filed a

4

second PCRA petition on September 24, 2014, seeking relief pursuant to *Alleyne v. U.S.*, 122 S.Ct 2151 (2013), this filing failed to toll the statute of limitations because the state court concluded that it was untimely. (Doc, 10-3, pp. 40-45). This Court must defer to this finding. *See Merritt v. Blaine*, 326 F.3d 157, 165–67 (3d Cir. 2003). "[A] PCRA petition that is found to be untimely is not considered 'properly filed' for the purposes of § 2244(d)(2) and does not toll the limitations period." *Pereira v. Wingard*, No. 5:14–cv–6582, 2015 WL 4404920, at *4 (E.D.Pa. July 17, 2015) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)). *See also Long v. Wilson*, 393 F.3d 390, 395 (3d Cir. 2004) (petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, *inter alia*, "the limitations period had already run when it was filed"). Thus, Martin's second PCRA petition does not provide a basis for further statutory tolling. His petition is clearly untimely.

    **B.**     **Equitable Tolling**

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant

seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 at 418.

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances

6

therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Martin failed to exercise reasonable diligence throughout the limitations period. He allowed approximately 186 days of the one year limitations period to elapse before filing his PCRA petition. And, after his PCRA proceedings concluded on September 17, 2014, rather than proceed to federal court, Martin filed a second PCRA in the state court challenging the legality of his sentence pursuant to *Alleyne v. U.S.*, 133 S.Ct. 2151 (2013), a case decided by the United States Supreme Court approximately 465 days earlier.

Regardless of whether he exercised reasonable diligence in bringing his federal petition, he fails to demonstrate that extraordinary circumstances obstructed his pursuit of relief in either state or federal court. There is no indication, and he does not argue, that he was actively misled, that he was in some extraordinary way prevented from asserting his rights, that he timely asserted his rights mistakenly in the wrong forum, or that he was misled by the court regarding the steps that he needed to take to preserve his claims. Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### III. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

## IV. Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order will enter.